## H. W. HALL, ET AL. *v.* JAMES M. McGLOTHLIN.

[Abstract Kentucky Law Reporter, Vol. 6—661.]

**Abandonment of Homestead.**

One who disposes of his property and removes therefrom, leaving without at the time having any present certain and actual purpose of using it as a homestead will be held to have abandoned the homestead and can not again as against the claim of creditors assert a right under it.

**Wife's Claim as Against Husband's Creditors.**

Where a wife receives some personal estate from her father, but her husband reduced the same to his possession he can not defeat his creditors by paying the same over to his wife.

APPEAL FROM SIMPSON CIRCUIT COURT.

March 21, 1885.

OPINION BY JUDGE HOLT:

R. E. Hall and wife conveyed to H. W. Hall on May 14, 1877, a tract of land for one thousand dollars, which was thereafter paid,

and the further consideration that the grantee would support the grantors during their respective lives. The grantee resided on it as a housekeeper with his family from the date of his purchase until the spring of 1882, when he removed from it to Franklin, Ky., intending as he testifies to return to it, if he did not sell it with a view of buying another homestead.

On September 11, 1882, he sold it to one Greer for $1,826, and by his direction the purchaser executed his note for $800 of the purchase money to R. E. Hall and wife to satisfy their claim for a support, and after the payment of some taxes, there was left $976, for which the purchaser, by the direction of H. W. Hall, executed a note to the latter's wife for the alleged reason, that the $1,000 that had been paid to R. E. Hall was her means, derived by her from her father's estate.

The appellees on September 26, 1882, as judgment creditors to the amount of about one hundred dollars attached so much of the money owing by Greer, and for which he had given his note to Mrs. Hall, as might be necessary to pay their debt. Their right to subject it is resisted upon the grounds; first it is the proceeds of a homestead, and therefore exempt; and second, that it is the wife's property.

Neither the pleadings nor the evidence in our opinion support the exemption claim. The answer alleges that the appellant was entitled to a homestead in the land sold Greer, and was occupying it as such before and when appellee's debt was created; that it was his intention to reinvest the $976 in another homestead; and that he has been a bona fide housekeeper with a family of this Commonwealth ever since the creation of appellee's debt. It fails to state that the removal from it in the spring of 1882 was merely temporary; or that there was then an actual intention to return and occupy it as a homestead.

Moreover it is alleged affirmatively in the reply, and not denied, that at the time of the sale defendants did not occupy same as a homestead or otherwise, and had not for many months prior thereto.

The testimony of appellant H. W. Hall is, that he intended to return to it, if he did not sell it, in order to buy another homestead. It may or may not therefore have been a temporary removal, and

this evidence shows that when he left it he had no present certain and actual purpose of using it as a homestead.

A mere possibility that he might do so in the indefinite future, could not continue the exemption or defeat the rights of creditors.

Moreover, the fund, aside from the fund attached in this case, seems to have been collected by the appellants and appropriated to other purposes than the purchase of a homestead.

The testimony shows that the wife received some estate from that of her father, but her husband had reduced it to his possession, and in the form of personalty. Indeed, it does not satisfactorily appear even from his own testimony whether means so remotely derived by her paid the one thousand dollars to R. E. Hall, or only five hundred dollars of it. If the latter, then the appellants have already received more than was furnished, and the sum attached herein is but a small proportion of the other five hundred and which would certainly be liable for the husband's debts.

It appears however, that the husband first purchased in his own name with the wife's means, derived from her father's estate a tract of land of 108 acres, and that thereafter by reason of a separation between them, that it was conveyed to the wife, and that thereafter and when again living together it was exchanged for a tract of sixty-five acres and a bonus in cash, the latter being paid to the husband and the sixty-five acres conveyed to him. The land bought of R. E. Hall was also conveyed to him, and it is claimed that with a part of the wife's estate, thus reduced to the husband's possession, the $1,000 was paid to R. E. Hall upon the price of the land sold to Greer. There was a complete conversion and reduction to the husband's possession of the wife's estate, and without any agreement upon his part to indemnify her.

The note was not executed to her by reason of any previous agreement between her and her husband, nor in consideration of her uniting in any conveyance to Greer. The husband was then insolvent and having become the absolute owner of her estate without any agreement by him to indemnify her, a court of equity could not have interposed and made a settlement upon her for her benefit and therefore the husband could not do it as against his creditors.

When he attempted to indemnify her by having the note of Greer executed to her, the appellee's debt was in existence, and under this

state of case the creditor should not be excluded, especially as it does not clearly appear, but what she has already received more out of the money owing by Greer, than was furnished by her to her husband, and which he paid on the purchase of the land of R. E. Hall.

Judgment *affirmed.*

*W. M. Gorin, G. H. Galloway, for appellants.*

*G. W. Roark, I. H. Goodnight, for appellees.*